UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA ELLEFSON and<br>HECTOR SEGURA | )<br>)<br>) | CIV. 14-5001-JLV |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | ORDER OF DISMISSAL |
| MICHELLE KENSTLER,<br>JUDGE BASTIAN,<br>WATER DEPART. IRR,<br>SHERIFF OF BUTTE COUNTY,<br>TOM SEAMAN, and<br>RANDY SEAMAN, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiffs Cynthia Ellefson and Hector Segura, appearing *pro se*, filed an amended complaint against the above-named defendants. (Docket 6). Defendant Judge Bastian filed a motion to dismiss the complaint. (Docket 8). Pursuant to Fed. R. Civ. P. 12(b)(6), Judge Bastian's motion asserts the complaint fails to state a claim upon which relief can be granted as Judge Bastian is entitled to absolute immunity. Id. Judge Bastian asks the court to take judicial notice of a state court proceeding involving these plaintiffs and some of the defendants in which he was the presiding judge. (Docket 9 at p. 2). Defendants Water Department and Sheriff of Butte County filed motions for a more definite statement. (Dockets 11 & 13). Defendant Michelle Kenstler filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Docket 15). Ms. Kenstler's motion asks for dismissal of plaintiffs' complaint because there

is a lack of diversity of citizenship and the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332. (Docket 16 at p. 2). Defendant Tom Seaman[1] filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C. § 1332(a) for lack of subject matter jurisdiction. (Docket 17). Mr. Seaman asserts plaintiffs' complaint is improper as there is not complete diversity between the plaintiffs and Mr. Seaman and the amount in controversy does not exceed $75,000. Id. Plaintiffs did not file responses to any of the defendants' motions, although Fed. R. Civ. P. 41(b) and D.S.D. Civ. LR 7.1(B) requires them to do so within twenty-one calendar days of service of defendants' motions.

On June 25, 2014, the court issued an order to Ms. Ellefson and Mr. Segura directing them to file a responsive brief by July 31, 2014. (Docket 22 at p. 6). The order cautioned plaintiffs that their "[f]ailure to comply with this order may result in the dismissal of the complaint with prejudice and without further notice." Id. On July 7, 2014, plaintiffs requested additional time to file their response. (Docket 23). On July 9, 2014, the court granted plaintiffs an extension until August 22, 2014, to file their brief. (Docket 25). As of the date of this order, plaintiffs have not filed their brief or sought a further extension of time to do so.

---

[1] Plaintiffs make the same claims against Randy Seaman as against Tom Seaman. (Docket 6 at p. 3). The Clerk of Court issued a summons and delivered it to plaintiff Hector Segura. (Docket 7). Plaintiffs have not filed a certificate of service and there is no other evidence indicating service of process was made upon Randy Seaman.

Plaintiffs' *pro se* status does not entitle them to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants also must comply with court rules and directives. Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). However, plaintiffs' failure to respond to defendants' motions and motions to dismiss "does not automatically compel resolution of [the motions] in favor of [defendants]." United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion).

The court need not reach the merits of defendants' motions and declines to do so. Unlike the majority of cases where the district court resolved a motion on the merits despite a plaintiff's failure to respond, here, the court advised plaintiffs of their obligation to respond and *ordered* them to show cause.[2] Thus, the court finds plaintiffs' nonresponsiveness particularly egregious.

---

[2]The court had no duty to advise plaintiffs of their obligation to respond to defendants' motions and the procedure for doing so. See Bennett, 295 F.3d at 808 (finding the court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (finding the district court was not required to instruct a *pro se* litigant on how to properly respond to a motion).

3

"A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order." Henderson v. Renaissance Grand Hotel, 267 Fed. Appx. 496, 2008 WL 540172 at *1 (8th Cir. 2008); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (finding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]"). The court finds dismissal of plaintiffs' complaint is appropriate given their disregard of the rules and the court's show cause order.

In support of its finding, the court notes plaintiffs have been engaged in litigation in state court.[3] Given plaintiffs former involvement in that litigation, the court finds they have the capacity to litigate this lawsuit. Dismissal is an appropriate sanction given plaintiffs' noncompliance with the show cause order.

The court next must determine whether the dismissal of plaintiffs' complaint should be with or without prejudice. "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court

---

[3]The court takes judicial notice of Michelle M. Kenstler, individually and as Personal Representative of the Jedd Kenstler Estate, Plaintiff v. Cynthia Ellefson and Hector Segura, and Butte County, South Dakota, Defendants, Butte County Civ. 09-121, Fourth Judicial Circuit, State of South Dakota. See Docket 9 at p. 2.

order or continued persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Based on the procedural history of this case and plaintiffs' failure to respond to the court's show cause order, the court finds it appropriate to dismiss the complaint with prejudice. Accordingly, pursuant to Rule 41(b) and the court's inherent authority, it is hereby

ORDERED that plaintiffs' amended complaint (Docket 6) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendant Bastian's motion to dismiss (Docket 8) is denied as moot.

IT IS FURTHER ORDERED that defendant Water Depart. IRR's motion for a more definite statement (Docket 11) is denied as moot.

IT IS FURTHER ORDERED that defendant Sheriff of Butte County's motion for a more definite statement (Docket 13) is denied as moot.

IT IS FURTHER ORDERED that defendant Seaman's motion to dismiss (Docket 17) is denied as moot.

Dated September 4, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE